# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>  Plaintiff,<br><br>v.<br><br>T&H LEMONT, INC.,<br><br>  Defendant. | No. 12 C 1279<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This is a national origin discrimination and retaliation case. Earlier in this litigation, Plaintiff's counsel sought to withdraw from representing Plaintiff. Around this time, three witnesses who previously could not be located—Santiago Villagrana, Francisco Hernandez, and Miguel Velazquez—suddenly surfaced, eager to testify. During their depositions, each of these three witnesses testified that they heard Joe Balogh, an employee of Defendant, call Plaintiff a burro or donkey at work on one occasion.

Following the depositions of these three witnesses, Defendant discovered evidence that they had been offered, and/or were seeking, financial compensation in exchange for their testimony. An evidentiary hearing was held on September 2, 2015. At this time, Oberlin Luis, an employee of Defendant, submitted an affidavit that attested that one of the three witnesses, Villagrana, told him that he and the other two witnesses were no longer on Plaintiff's side and wanted to help Defendant.

During the evidentiary hearing, Hernandez testified that Plaintiff met him, Villagrana, and Velazquez at a restaurant twice before they were deposed. According to Hernandez, Plaintiff asked them whether they would testify for him during the first meeting and discussed what their

1

testimony would be during both meetings. Although Hernandez denied that anyone had offered him money for his testimony, there were several instances during the evidentiary hearing where I found his credibility to be questionable.

After the initial hearing, non-party witness Santiago Villagrana testified during a video deposition that Plaintiff Armando Ramirez offered to pay Villagrana money in exchange for his testimony. Villagrana, who was in a difficult personal and financial situation at the time, agreed.

Throughout the evidentiary hearing, counsel for Plaintiff has been forthcoming and cooperative—I am convinced that he played no role in Plaintiff's misconduct. Because I have found clear and convincing evidence of witness tampering, I am dismissing this case with prejudice to sanction Plaintiff.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: January 19, 2016